James ELAM, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.

No. 6858.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 13, 1966.

Motion for a Rehearing Overruled
Nov. 2, 1966.

Joe Bob Golden, Jasper, for appellant.

Weller, Wheelus & Green, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

This is a suit for workmen's compensation by plaintiff, James Elam, against Texas Employers' Insurance Association, in which plaintiff alleged he was an employee of Coleman Cliburn and was injured in the course of such employment. The defendant denied he was an employee of Cliburn and alleged that Elam was an employee of Field Spikes, an independent logging contractor. Defendant filed its motion for summary judgment, supported by affidavits of Coleman Cliburn and Field Spikes, which alleged that Elam was employed by Field Spikes, who was an independent contractor. Defendant likewise made the opinion rendered by this court on a prior appeal of the same subject matter between the same parties a part of its motion. Texas Employers' Insurance Association v. Elam, Tex.Civ.App., 376 S.W.2d 780. In that case we reversed and remanded a judgment in favor of Elam holding that, on the record, the finding of the jury that Elam was an employee of Coleman Cliburn was so against the great weight and preponderance of the evidence as to be manifestly unjust.

Though Elam filed no counter-affidavits, he swore to his answer to motion for summary judgment in which he alleged he was an employee of Cliburn and therein submitted to the court that he resisted said motion on the record made in the prior trial, including his verified amended petition, and the depositions on file and the official statement of facts.

Ordinarily, the question for the trial court to decide on defendant's motion for summary judgment was whether there was an issue of fact as to any material matter and whether defendant was entitled to judgment as a matter of law. Texas Rules of Civil Procedure, rule 166–A. In the circumstances of this case, however, the trial court's duty was to follow the holding of this court in our disposition of the first appeal, the effect of said holding being that there was some evidence of a probative nature contrary to defendant's contentions.

The honorable trial judge was doubtlessly impressed by the vigorous insistence of defendant's counsel that a retrial of the case would be a futile waste of time under the circumstances. Be that as it may, the situation confronted was the same as where a party's only evidence, though meager and flimsy, is of some probative value. On motion for instructed verdict, after the close of all evidence, such evidence must be considered though the opposing evidence be overwhelmingly to the contrary and the court knows that a jury finding in favor of such meager evidence would necessitate granting a new trial.

The duty of the trial court being clear, it matters not that Elam's affidavit to his reply to motion for judgment did not technically conform to the requisites set forth in Rule 166–A, supra, or that he filed no reply whatever in view of the contents of defendant's motion.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.